# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOSEPH BEIER,                          )
                                       )
              **Plaintiff,**     )
                                       )
v.                                     )   Case No. 12-1300-CM
                                       )
CAROLYN W. COLVIN,[1]                  )
**Commissioner of Social Security,**   )
                                       )
              **Defendant.**     )
_____)

## MEMORANDUM AND ORDER

Plaintiff Joseph Beier brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's denial of plaintiff's applications for a period of disability, disability insurance benefits, and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401 and 1381. Finding no error in the Commissioner's analysis, the court affirms the decision of the Commissioner.

    **I.**    **Background**

Plaintiff protectively filed for a period of disability, disability insurance benefits, and supplemental security income in 2009. The agency denied his applications initially and upon reconsideration, and plaintiff requested a hearing before an administrative law judge ("ALJ"). Plaintiff's request was granted, and plaintiff appeared with an attorney for a hearing before ALJ Christina Young Mein on May 12, 2011. At the hearing, the ALJ received testimony from plaintiff and from a vocational expert ("VE").

Thereafter, the ALJ issued a decision on June 7, 2011. She determined that plaintiff has not performed substantial gainful activity since his alleged onset date, and that he has severe impairments

---

[1]    Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

-1-

including depressive disorder, alcohol abuse, hypertension, chronic obstructive pulmonary disease, and degenerative disc disease of lumbar spine. The ALJ found that plaintiff's impairments meet or equal the severity of a listed impairment. The ALJ determined that plaintiff would continue to have a severe impairment or combination of impairments even if he stopped using alcohol, but she also found that plaintiff would not have an impairment or combination of impairments that meets or medically equals a listed impairment if he stopped the substance abuse.

The ALJ considered the evidence and assessed plaintiff's residual functional capacity ("RFC") if plaintiff stopped the substance use. She assessed plaintiff with the RFC to lift and carry 50 pounds occasionally and 25 pounds frequently, sit for 6 hours out of an 8 hour workday, and stand and walk for 6 hours out of an 8 hour workday. The ALJ determined that plaintiff could occasionally climb, stoop, kneel, crouch and crawl, and that he must avoid concentrated exposure to extreme cold, humidity, and excessive vibration and moderate exposure to irritants such as fumes, odors, dusts, gases and poorly ventilated areas. She concluded that plaintiff must avoid operational controls of moving machinery and unprotected heights, and that he is limited to simple, routine, repetitive tasks with only occasional interaction with the public and co-workers.

Based on the RFC, the ALJ determined plaintiff is unable to perform his past relevant work. But she found that there are a substantial number of jobs existing in the economy of which plaintiff is capable, represented by jobs such as linen room attendant, industrial cleaner, and hand packer. The ALJ concluded plaintiff is not disabled within the meaning of the Act and denied plaintiff's applications.

Plaintiff sought, but was denied, Appeals Council review of the ALJ's decision. Therefore, that decision became the final decision of the Commissioner. Plaintiff timely filed this case requesting judicial review of the Commissioner's decision.

## II.     Legal Standard

Section 405(g) of the Social Security Act allows an individual to seek judicial review of any final decision of the Commissioner made after a hearing to which the individual was a party. The court's role in conducting this review is to determine (1) whether the ALJ applied the correct legal standard, and (2) whether the factual findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g) (stating that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). In completing this review, the court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation and citation omitted).

Under Section 423(d) of the Social Security Act, a person is under a disability when the individual can establish that he is unable to engage in any substantial gainful activity by reason of a physical or mental impairment that is expected to result in death or to last for a continuous period of not less than twelve months. To evaluate disability, the Commissioner uses a five-step sequential process. 20 C.F.R. § 416.920. Step one requires the Commissioner to determine whether the claimant has engaged in substantial gainful activity. *Id.* Step two requires the Commissioner to determine whether the claimant has a severe medical impairment. *Id.* Step three requires the Commissioner to determine whether the severity of the claimant's impairments meets or equals a listing and the duration requirement. *Id.*

After evaluating steps one through three, the Commissioner assesses the claimant's RFC. The Commissioner then uses the RFC for steps four and five. Step four requires the Commissioner to consider the claimant's RFC and determine whether the claimant can perform past relevant work. *Id.* Step five requires the Commissioner to determine whether—considering the claimant's RFC and vocational factors of age, education and work experience—the claimant is able to perform other work

in the economy. *Id.* In steps one through four, the burden is on the claimant. *Williams v. Bowen*, 844 F.2d 748, 751 n.2 (10th Cir. 1988). In step five, however, the burden shifts to the Commissioner. *Id.* at 751.

**III. Analysis**

Plaintiff alleges the ALJ erred at step five of the evaluation process because the ALJ utilized jobs from the VE that did not fall within plaintiff's assessed RFC. He contends there are conflicts between the VE testimony and the Dictionary of Occupational Titles ("DOT") job descriptions for each of the representative jobs. Plaintiff notes the DOT job description for the linen room attendant requires a <u>reasoning level of 3</u>, which he contends conflicts with the VE's testimony that this job requires only <u>simple, routine, repetitive tasks</u>. Plaintiff argues the DOT job description for industrial cleaner requires <u>frequent</u> stooping and crouching, which he asserts conflicts with the VE's testimony that this job only requires stooping or crouching on an <u>occasional</u> basis. Plaintiff explains the DOT job description for hand packer requires <u>frequent</u> exposure to atmospheric conditions, which he argues conflicts with the VE's testimony that this job only requires <u>moderate</u> exposure to such environments. Because the ALJ failed to resolve these alleged conflicts, plaintiff asserts the ALJ erred in relying on the VE testimony to support the ALJ's conclusion that plaintiff could perform other work.

The Commissioner argues that the ALJ satisfied her duty to inquire about conflicts between the DOT and the VE testimony. He notes that at the end of the ALJ's examination, the ALJ expressly asked if there are any inconsistencies between the VE testimony and the DOT, and the VE responded that there are none. (Doc. 5-2 at 46.) The Commissioner also contends that the role of the VE is to go beyond facts already established in publications and provide evidence of jobs that are available to plaintiff based on specific, individual abilities. He concludes that the administrative record contains no evidence that the VE testimony conflicts with the DOT.

Since 1993, the Tenth Circuit has recognized that there are two forms of proof regarding work existing in the national economy: (1) occupational reference materials including the DOT, and (2) expert testimony including a VE. *Gay v. Sullivan*, 986 F.3d 1336, 1340 (10th Cir. 1993); *see Thongleuth v. Astrue*, No. 10-1101-JWL, 2011 WL 1303374, at *17 (D. Kan. Apr. 4, 2011) (discussing development of the law). In 1999, the Tenth Circuit clarified that "before an ALJ may rely on VE testimony the ALJ has a duty to ask the VE how the testimony corresponds with the DOT and to elicit a reasonable explanation for any conflict." *Thongleuth*, 2011 WL 1303374, at *17 (citing *Haddock v. Apfel*, 196 F.3d 1084, 1089 (10th Cir. 1999)).

In 2000, the Commissioner published Social Security Regulation ("SSR") 00-4p and established a policy interpretation for the use of VE testimony and other reliable occupational information. West's Soc. Sec. Rep. Serv., Rulings, 242–47 (Supp. 2012). SSR-004p placed two duties on the ALJ:

> First, the ALJ must "identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs . . . and information in the Dictionary of Occupational Titles (DOT), including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO)." Second, the ALJ must "[e]xplain in the determination or decision how any conflict that has been identified was resolved." Thus, SSR 00-4p places the affirmative responsibility on the ALJ to "[a]sk the VE . . . if the evidence he or she has provided conflicts with information provided in the DOT," and where VE "evidence appears to conflict with the DOT, . . . [to] obtain a reasonable explanation for the apparent conflict."

*Thongleuth*, 2011 WL 1303374, at *17 (alternations and ellipses in original) (internal citations omitted) (quoting SSR 00-4p).

Plaintiff's claim of error fails. As required by the case law and SSR 00-4p, the ALJ asked if these jobs were consistent with the DOT. And the VE responded, "Yes, Your Honor." (Doc. 5-2 at 46.) Therefore, the ALJ satisfied her first duty under SSR 00-4p. *See id.* at *18 (determining the ALJ fulfilled his first duty); *see also Schassar v. Astrue*, No. 08-2546-JWL, 2009 WL 3241597, at *5 (D.

Kan. Oct. 5, 2009) (adopting September 18, 2009 report and recommendation of Magistrate Judge Cohn) (same).

Plaintiff had an opportunity to cross-examine the VE and highlight any inconsistencies between her testimony and the DOT. He did not ask the VE any questions. And plaintiff neither presented any evidence nor made any argument suggesting a contradiction between the VE testimony and the DOT.[2] *See Thongleuth*, 2011 WL 1303374 at *18 ("Plaintiff did not direct the ALJ to record evidence or to admissible authority that there is a conflict despite the VE testimony, and did not argue to the ALJ that the VE testimony was erroneous."). Accordingly, the administrative record does not contain evidence that the VE testimony and the DOT are inconsistent in the manner suggested by plaintiff or that the ALJ's second duty under SSR 00-4p was triggered.[3]

Plaintiff contends there are conflicts based on his own interpretation of the DOT. But plaintiff is not an expert in the relevant subject matter, and his lay interpretation is insufficient to contravene the direct testimony of the VE. *Id.* at *18 ("Neither the ALJ, this court, plaintiff, nor plaintiff's counsel are experts in vocational matters with the expertise to interpret the DOT contrary to the interpretation given by the VE."). For the industrial cleaner and hand packer jobs, plaintiff identifies no authority that the DOT requirements are inconsistent with the VE testimony.[4] For the linen room attendant, plaintiff relies on the Tenth Circuit's opinion in *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005). But that case is distinguishable because—unlike the VE in *Hackett*—the VE in this

---

[2] To be clear, the court's decision is not based on a theory of waiver. A plaintiff can raise arguments to the district court that were not raised to the administrative agency. *Sims v. Apfel*, 530 U.S. 103, 112 (2000). The basis for the decision is that the record lacks evidence of an inconsistency between the VE testimony and the DOT. Plaintiff could have put in evidence of an inconsistency, but he did not.

[3] Plaintiff argues that the linen attendant job is SVP 3 and that VE found SVP 3 outside of plaintiff's abilities because she "dismissed [plaintiff's] past work simply because it was an SVP 3." (Doc. 7 at 13.) Plaintiff confuses SVP and reasoning level.

[4] All three jobs existed in significant numbers in the national economy. Therefore, even if plaintiff could not perform one or two of the jobs, there would still be jobs he could perform.

-6-

case clearly stated her testimony was consistent with the DOT. *See id.* at 1175 (discussing VE testimony); *Schassar*, 2009 WL 3241597, at *6 (distinguishing *Hackett*); *Blanchard v. Astrue*, No. 09-1143-SAC, 2010 WL 2925180, at *11 (D. Kan. July 21, 2010) (distinguishing *Hackett* because "there was no indication that the VE was asked, as required by SSR 00-4p, whether his opinions were consistent with the DOT").

As the Commissioner argues, the point of VE testimony is to go beyond the publications. *Haddock*, 196 F.3d at 1090 n.2 ("[E]xpert testimony may be used to verify, clarify, and supplement information available in publications the agency has deemed reliable."). The DOT provides standards for job requirements. *See Thongleuth*, 2011 WL 1303374 at *18 (noting that "a claimant's reliance on the DOT as a definitive authority on job requirements is misplaced because DOT definitions are simply generic job descriptions that offer the approximate maximum requirements for each position, rather than their range" (internal quotations omitted)). It is not a full statement of all aspects of a position. To obtain more specific information on a particular job, an ALJ may rely on a VE. That is what the ALJ did in this case. And the VE affirmatively testified that a person of the age, work experience, and education of plaintiff, with the RFC assessed for plaintiff, could perform these jobs and that her testimony was consistent with the DOT. Therefore, there is substantial evidence—in the form of uncontroverted VE testimony—that supports the ALJ's determination that plaintiff could perform other work. The court finds no error and affirms the Commissioner's decision.

**IT IS THEREFORE ORDERED** that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) affirming the Commissioner's decision.

Dated this 12th day of August, 2013, at Kansas City, Kansas.

>                                    s/ Carlos Murguia
>                                    **CARLOS MURGUIA**

United States District Judge